UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ARIN COLE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:08-cv-261 |
| | ) | |
| TOLEDO MECHANICAL INSULATION, INC., | ) ) | |
| | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a second motion for appointment of counsel (Docket #31) filed by *pro se* Plaintiff Arin Cole requesting that this Court appoint counsel to represent him in this employment discrimination case. On March 12, 2009, the Court applied the standard for appointing counsel to *pro se* civil litigants and denied Cole's first motion for appointment of counsel. (Docket #3, 23.) The Court has no obligation to revisit Cole's request for appointment of counsel. *See Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007); *Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 502-503 (7th Cir. 1986). Nonetheless, the Court has considered Cole's second motion and supporting documents (Docket #31), as well as the record of Cole's activity before this Court, and determined Cole's second request for counsel will be DENIED based on the following analysis.

## DISCUSSION

Cole's second request for appointment of counsel fails to show any error in the Court's first order and offers no more substantive information than the information he provided to the Court for his first motion. The attached documents in support of Cole's second motion are in the nature of discovery responses and indicate that he has some mental and physical limitations that

precede the filing of this lawsuit. At this time, however, the documented limitations have not risen to a level that prevents Cole from representing himself in this case.

To explain, this suit is a relatively straight forward employment discrimination case and is based primarily upon facts within Cole's knowledge. Cole has already filed a competent complaint with a jury demand (Docket #1), motion for leave to proceed *in forma pauperis* (Docket #2), two motions to appoint counsel (Docket #3, 31), and a motion to consolidate the present case with another lawsuit he filed *pro se* (Docket #13). In addition, he has adequately articulated his claim orally while participating in preliminary pretrial conferences (Docket #20, 22), and he has conducted discovery (Docket #32). Thus, Cole has displayed a mental and physical capability as well as adequate communication and literacy skills to represent himself in this matter, despite his documented limitations, and he appears capable of seeking outside assistance when needed.[1] *See Estrada v. Reed,* No. 08-4080, 2009 WL 2922951 at *3 (7th Cir. Aug. 29, 2009)(holding that following a stroke, petitioner could adequately represent himself with outside non-legal assistance despite his disabilities).

Furthermore, as numerous lawyers Cole contacted have chosen not to represent him, it is reasonable to infer that these lawyers did not view his case as meritorious. Consequently, it does not appear that appointing counsel for Cole will make a difference in the outcome. *See Zarnes v. Rhodes*, 64 F.3d 285, 299 (7th Cir. 1995); *see also Pruitt*, 503 F.3d at 658.

In short, Cole's documented limitations are not exceptional circumstances and have not manifested an inability to proceed *pro se* in this case. Therefore, Cole's second motion for appointment of counsel will be DENIED.

---

[1] At the August 11, 2009, hearing, Cole stated that a social worker was assisting him with assembling his discovery responses. (Docket # 30.)

## CONCLUSION

In conclusion, for the reasons stated herein, Plaintiff's second motion for the appointment of counsel (Docket #31) is DENIED. Plaintiff, of course, is free to attempt to secure counsel on his own. Furthermore, in the event that his claims survive a motion for summary judgment, Plaintiff may file another request for the appointment of counsel, and the Court will reconsider his request for purposes of trial. SO ORDERED.

Enter for this 28th day of September, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge